# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SOENEN, | No. 4:20-CV-01297 |
| Plaintiff, | (Judge Brann) |
| v. | |
| KEANE FRAC, LP, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 4, 2021

## I. BACKGROUND

On July 28, 2020, Plaintiff John Soenen filed a four-count complaint against Defendant, Keane Frac, LP.[1] On September 30, 2020, Soenen filed an amended complaint alleging six counts.[2] Soenen alleges that Keane violated the Family and Medical Leave Act ("FMLA"), the Pennsylvania Human Relations Act ("PHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pregnancy Discrimination Act ("PDA").[3] Keane subsequently filed a motion to dismiss on November 3, 2020.[4]

---

[1] Doc. 1.
[2] Doc. 11.
[3] *Id.*
[4] Doc. 12.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[5] and "streamlines litigation by dispensing with needless discovery and factfinding."[6] Where applicable, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[7] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[8]

Following the Roberts Court's "civil procedure revival,"[9] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[10] and *Ashcroft v. Iqbal*[11] tightened the standard that district courts must apply to 12(b)(6) motions.[12] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[13] Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain

---

[5] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[6] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[7] *Id.* at 326 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[8] *Id.* at 327.
[9] Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).
[10] 550 U.S. 544 (2007).
[11] 556 U.S. 662, 678 (2009).
[12] *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).
[13] *Id.* (citing *Conley*, 355 U.S. at 41).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[16] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[17]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[19] Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20]

---

[14] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[15] *Id.*
[16] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal citations omitted).
[17] *Twombly*, 550 U.S. at 556.
[18] *Iqbal*, 556 U.S. at 679.
[19] *Id.* at 678 (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557).
[20] *Id.*

Nevertheless, when disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[21] The Court is not, however, required to apply this tenet to legal conclusions.[22] As a matter of procedure, the United States Court of Appeals for the Third Circuit has directed district courts evaluating motions to dismiss to proceed in three steps:

(1) The court must "tak[e] note of the elements [the] plaintiff must plead to state a claim";

(2) The court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and

(3) "When there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[23]

## III. FACTS ALLEGED IN THE AMENDED COMPLAINT

### A. Background

Soenen was employed by Keane, a "covered entity" within the meaning of the FMLA, from approximately March 2016 to August 6, 2018.[24] In or around Spring 2018, Soenen requested FMLA-protected leave from work due to the pending birth of his child, who was due in August 2018.[25] On or around July 23, 2018, Soenen emailed two managers to remind them that he would be on FMLA

---

[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[22] *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[23] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[24] Doc. 11 at ¶¶ 8-9.
[25] *Id.* at ¶ 11.

leave in early August 2018 due to the birth of his child.[26] On or around August 3, 2018, Keane informed Soenen that he would either have to resign or be terminated.[27] Soenen was not given a reason for this ultimatum.[28] He resigned shortly thereafter.[29]

Soenen alleges, on information and belief, that Keane provided childbirth and bonding-related leave to female employees, that Soenen was treated less favorably than female employees seeking to take childbirth and bonding-related leave, and that Soenen was treated less favorably than employees whose partners were not pregnant.[30] Soenen does not, however, identify any comparators who were purportedly treated more favorably than him.

### B. Keane's FMLA Policy

Keane's FMLA policy (attached to Keane's brief in support of its motion to dismiss and referenced in the amended complaint) sets forth the eligibility requirements and criteria for taking FMLA leave.[31] It provides that "eligible employees" may take FMLA leave for the birth of one's child or to care for a newborn child.[32] The policy also states that "[a]n employee should request FMLA leave by completing [Keane's] Request for Leave form and submitting it to the

---

[26] *Id.* at ¶ 13.
[27] *Id.* at ¶ 14.
[28] *Id.* at ¶ 17.
[29] *Id.* at ¶ 19.
[30] *Id.* at ¶¶ 21-23.
[31] Doc. 12-1.
[32] *Id.* at 16.

Human Resources Department."[33] Soenen has not alleged that he provided notice as described by the policy.

## IV. DISCUSSION

Soenen asserts six claims, alleging that Keane:

- Interfered with Soenen's rights under the FMLA (Count I);

- Retaliated against Soenen in violation of the FMLA (Count II);

- Unlawfully discriminated against Soenen on the basis of sex in violation of the PHRA (Count III);

- Unlawfully discriminated against Soenen on the basis of his association with a pregnant person in violation of the PHRA (Count IV);

- Unlawfully discriminated against Soenen on the basis of sex in violation of Title VII (Count V); and

- Unlawfully discriminated against Soenen on the basis of his association with a pregnant person in violation of Title VII (Count VI).

Keane seeks to dismiss all counts for failure to state a claim. For the reasons discussed below, Keane's motion to dismiss is granted.

### A.  Counts I and II: Violation of the FMLA

Keane first seeks to dismiss counts I and II because the amended complaint does not allege facts plausibly establishing that Soenen complied with Keane's usual and customary FMLA notice policy. Both FMLA-interference and FMLA-retaliation claims require that an employee show that he provided proper notice to

---

[33] *Id.* at 17-18.

his employer of his intention to take FMLA leave.[34] FMLA regulations permit employers to create and enforce "usual and customary" notice policies as a threshold requirement for approving FMLA leave.[35]

Keane argues that both of Soenen's FMLA claims fail because he has not alleged facts showing compliance with Keane's usual and customary notice requirement. Citing Keane's FMLA policy, Keane asserts that Soenen needed to plead facts plausibly demonstrating that he had completed and submitted a Request for Leave form. Soenen responds that Keane's FMLA policy may not be considered on a motion to dismiss as it is not undisputedly authentic. Alternatively, Soenen contends that the policy does not constitute a usual and customary notice requirement because it was not mandatory.

First, the Court may properly consider the FMLA policy as it is referenced by and integral to the amended complaint. "To decide a motion to dismiss, courts

---

[34] *Ross v. Gilhuly*, 755 F.3d 185, 191-93 (3d Cir. 2014). To succeed on an interference claim, a plaintiff must show: "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Id.* (internal quotation marks omitted) (quoting *Johnson v. Cmty. Coll. of Allegheny Cnty.*, 566 F. Supp. 2d 405, 446 (W.D. Pa. 2008)). To succeed on a retaliation claim, a plaintiff must show that: "(1) she invoked her right to FMLA-qualifying leave; (2) she suffered an adverse employment decision; and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02, 303 (3d Cir. 2012) (citations omitted) ("To invoke rights under the FMLA, employees must provide adequate notice to their employer about their need to take leave." (citations omtited)).

[35] *Soutner v. Penn State Health*, 2020 WL 1531323, at *2 (M.D. Pa. Mar. 31, 2020); *see* 29 C.F.R. § 825.302(d) ("An employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.").

generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[36] However, courts may consider an extrinsic document where the document is "undisputedly authentic" and is "integral to or explicitly relied upon in the complaint."[37] Plaintiffs may challenge a court's consideration of external documents on grounds of authenticity where they provide some factual basis for doing so.[38]

Here, Soenen offers no reason to question the authenticity of Keane's policy other than that the document has not been authenticated by Soenen. Soenen does not explain why the document is purportedly inauthentic or why Keane's identification of the policy is insufficient. Moreover, the Court is satisfied that Keane's policy is "integral to" Soenen's complaint. Compliance with an employer's usual and customary notice requirement is an essential element of an FMLA interference or retaliation claim. The policy is also crucial to Soenen's discrimination claims, which allege that Keane applied its FMLA policy in a

---

[36] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
[37] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks and citations omitted).
[38] *See Hofman v. Time Warner Cable Inc.*, 2013 WL 2460121, at *4 n.2 (D.N.J. June 6, 2013) (rejecting a plaintiff's authenticity challenge because the document at issue was "the only written agreement governing the parties' relationship, [was] authenticated as true and correct by [the defendant's] in-house counsel, and no evidence [was] submitted to question its authenticity."); *In re AT&T Corp. Sec. Litig.*, 2002 WL 31190863, at *17 (D.N.J. Jan. 30, 2002). *Cf. Enrunda Trading Co., Ltd. v. MTM Trading LLC*, 2018 WL 11241079, at *4 (D.N.J. Mar. 29, 2018) (declining to consider a written contract at the motion-to-dismiss stage where the plaintiff argued that it was fraudulent).

discriminatory fashion. Accordingly, the Court will consider Keane's FMLA policy for purposes of deciding this motion.

Second, Keane's FMLA policy created a usual and customary notice requirement. Soenen errs because he improperly assumes that a usual and customary notice policy must be couched in mandatory language. To the contrary, so long as Keane's policy constitutes a usual and customary notice requirement, it may be enforced against any employee without interfering with that employee's rights or retaliating against them.[39] Because Keane had a written policy stating that employees should inform their managers of their intent to take FMLA leave in writing, the Court is convinced that this policy constituted a usual and customary notice requirement. Accordingly, because Soenen has not pled facts showing that he has satisfied this requirement, Keane's motion to dismiss counts I and II is granted.

### B. Counts III and V: Unlawful Sex Discrimination

Keane next seeks to dismiss Soenen's claims for unlawful sex discrimination.[40] "To withstand a motion to dismiss, a plaintiff must plead facts giving rise to a plausible claim of discrimination, that she: (1) is a member of a protected class; (2) is qualified for the position; (3) suffered an adverse

---

[39] *See Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 615 (6th Cir. 2013) ("[W]e hold that an employer *may* enforce its usual and customary notice and procedural requirements against an employee claiming FMLA-protected leave.").

[40] Analysis of discrimination claims brought under Title VII and the PHRA is the same. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

employment action; and (4) under circumstances that give rise to an inference of unlawful discrimination."[41] "To properly plead the fourth element, a plaintiff may, but is not required to, show that similarly situated individuals outside her class received more favorable treatment."[42]

Keane asserts that Soenen's sex discrimination claims should be dismissed because they are supported only by bare-bones allegations that, "upon information and belief," Soenen was treated less favorably than similarly situated female employees and that Keane maintained and applied a discriminatory FMLA policy. Keane argues that these allegations are conclusory in nature and are thus insufficient to save the complaint from dismissal; Keane further points to Soenen's failure to identify specific comparators against whom his claims of discrimination may be evaluated.

The Court agrees that counts III and V fail because they are unsupported by specific factual allegations. Plaintiffs do not need to allege facts identifying potential comparators to survive a motion to dismiss, but they must provide *some* factual information upon which a discrimination claim may rest.[43] Beyond making conclusory statements that he was treated less favorably than women under Keane's FMLA policy, and that the FMLA policy was applied in a discriminatory

---

[41] *Miller v. Tithonus Tyrone, LP*, 2020 WL 2065941, at *5 (W.D. Pa. Apr. 29, 2020) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)).
[42] *Id.* (citing *Anderson v. Wachovia Morg. Corp.*, 621 F.3d 261, 273 (3d Cir. 2010)).
[43] *E.g.*, *id.* (finding that a plaintiff was not required to identify specific comparators because she presented sufficiently specific allegations in her complaint to survive a motion to dismiss).

fashion, Soenen offers no facts to support a discrimination claim. Consequently, Keane's motion to dismiss counts III and V is granted.

### C. Counts IV and VI: Unlawful Associational Pregnancy (Sex) Discrimination

Finally, Keane seeks to dismiss counts IV and VI. To successfully bring a claim of discrimination based on pregnancy, a male plaintiff must prove that he was discriminated against both on the basis of his sex *and* on the basis of his association with his partner's pregnancy.[44] Thus, to survive a motion to dismiss, Soenen must allege facts establishing that *he* was discriminated against on the basis of his sex. Here, Soenen only alleges that he was treated less favorably than employees whose partners were not pregnant. This, standing alone, does not state a claim for sex discrimination.[45] Accordingly, Keane's motion to dismiss counts IV and VI is granted.

---

[44] *Griffin v. Sisters of Saint Francis, Inc.*, 489 F.3d 838, 843 (7th Cir. 2007) ("[M]ale plaintiffs, like their female counterparts, must prove that they suffered adverse employment actions because of their sex [to establish pregnancy discrimination]."); *Pennington v. S. Motion, Inc.*, 2017 WL 3897166, at *5 (N.D. Miss. Sept. 6, 2017).

[45] Following *Obergefell v. Hodges*, it is no longer legally proper to presume that a pregnant woman's partner is necessarily a man. 576 U.S. 644, 675 (2015) (holding that same-sex couples may not be deprived of the right to marry).

## V. CONCLUSION

Keane's motion to dismiss pursuant to Rule 12(b)(6) is granted. Soenen is granted leave to amend. Consequently, Soenen will be given fourteen days from today's date to file an amended complaint. If no amended complaint is filed, the action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge